**SHALCHI BURCH LLP**
ALI SHALCHI (SBN 239164)
AS@SHALCHIBURCHLLP.COM
TRAVIS J. BURCH (SBN 216175)
TB@SHALCHIBURCHLLP.COM
23 Corporate Plaza Dr., Ste. 150
Newport Beach, California 92660
Telephone: (949) 359-0334
Facsimile: (949) 326-0083

Attorneys for Plaintiff
Albie's LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBIE'S LLC, a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>JIA XING SHI MI GA GA GUANG GAO YOU XIAN GONG SI doing business as EXPAWLORER<br><br>Defendant. | Case No. 8:23-CV-01162<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br>**(2) TRADE DRESS INFRINGEMENT;**<br>**(3) COPYRIGHT INFRINGEMENT (COMMON LAW)**<br>**(4) UNFAIR COMPETITION (Lanham Act);**<br>**(5) MISAPPROPRIATION**<br>**(6) FALSE ADVERTISING;**<br>**(7) UNFAIR COMPETITION (Common Law);**<br>**(8) UNFAIR COMPETITION (Cal. B&P §17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Albie's LLC ("ALBIE'S" or "Plaintiff") states for its Complaint against Defendant JIA XING SHI MI GA GA GUANG GAO YOU XIAN GONG SI doing business as EXPAWLORER ("EXPAWLORER" or "Defendant"), the following allegations and Prayer for Relief:

**COMPLAINT**

- 1 -

## NATURE OF THE ACTION

1. This is an action for copyright infringement, trademark and trade dress infringement pursuant to 15 U.S.C. §§ 1125, false advertising under federal and California law, and related claims, based on Defendants' deliberate and repeated copying, usually slavishly so, of Plaintiff's artwork, products, and designs, and imitation of its marks and product packaging, and the other wrongful acts of Defendants alleged herein.

## THE PARTIES

2. Plaintiff ALBIE'S LLC is a limited liability company, organized and existing under the laws of the State of Delaware, doing business in this judicial district, and having a principal place of business at 1664 Spring Meadow Lane, Farmington, Utah 84025. Plaintiff markets and sells products to customers throughout California, including in this judicial district including Orange County.

3. On information and belief, Defendant JIA XING SHI MI GA GA GUANG GAO YOU XIAN GONG SI doing business as EXPAWLORER ("EXPAWLORER" or "Defendant"), is a Chinese entity, and does business in this judicial district including Orange County. On information of belief, Defendant does business at Room 1, 1-1607 Huanmaozhongxin, jingjijishukaifaqu JIAXING ZHEJIANG 314000.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331, 1337, and 1338 because the suit arises under the trademark laws of the United States, including 15 U.S.C. §§ 1125, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367. This Court has personal jurisdiction over each of the Defendants because, inter alia, on information and belief, each Defendant transacts business in the Central District of California. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim for trade dress and trademark infringement, unfair competition, false advertising, and related claims, occurred in this District.

5. Plaintiff is informed and believes and on that basis alleges that Defendant has advertised, sold and/or distributed the infringing goods in this judicial district.

## GENERAL ALLEGATIONS

## BACKGROUND

6. Plaintiff ALBIE'S is a leading seller of unique dog socks that provide superior design, grip and protection. Plaintiff advertises and promotes its products in a niche national market, including in such venues as Amazon.com. Plaintiff markets and sells products under the trademarked "DOK" brand name on Amazon.com and maintains an Amazon store page under the DOK brand.

7. Defendant has made little if any effort to differentiate their infringing products in the marketplace from Plaintiff's products, but instead have demonstrated their intent to confuse customers and potential customers and others in the marketplace into thinking that Defendants' copies of Plaintiff's products and designs, which are in fact inferior in quality, are identical to Plaintiff's higher quality products and designs. These competing products in many cases do not seem to incorporate any of Defendants' own identifying trademarks or have any of their own packaging that could potentially mitigate consumer confusion, and use of a plethora of confusing descriptive terms for Defendants' infringing products which do not provide any real brand identification. On information and belief, Defendants intend to continue their wrongful activities until and unless enjoined by this Court.

## PLAINTIFF'S INTELLECTUAL PROPERTY

8. ALBIE'S is the owner of the **TigerToes** trademark (Application Serial No. 97821338 – see Exhibit 1), which it has continuously used in interstate commerce since at least January 1, 2023 to the present as a trademark in connection with "Booties for pets; Clothing for pets; Pet clothing, namely, socks" and particularly dog socks.

9. The TigerToes trademark and trade dress, as defined below, symbolizes the business reputation and goodwill of Plaintiff, and are an intangible asset of substantial commercial value.

COMPLAINT

- 3 -

10. One of ALBIE'S goals has been to build up strong trade dress that customers can and will associate with its innovative quality products and stellar customer service, utilizing distinctive ornamental product designs to distinguish its products in the marketplace. In this effort, ALBIE'S has in the past, and continues to the present, to create new designs with strong branding which have a unique style and look that is separate and distinct from that of any competitors for similar products. The design and overall appearance of ALBIE'S products is arbitrary and unusual, and significantly different from products sold by its competitors. These products deliberately incorporate many individual elements that are non-functional in nature and selected solely or primarily to distinguish ALBIE'S products in the marketplace. For example, ALBIE'S uses a distinctive product design, product descriptions and images, special fonts, color combinations, textures, shapes, and arrangements of individual elements, to identify its products and their look to consumers, and has been successful in this effort. *See* Exhibit 2.

11. Plaintiff believes, based on factors such as feedback in its distribution channels like Amazon, that it has many repeat customers for its products. That is, customers who purchase ALBIE'S products such as the TigerToes are likely to purchase other products from Plaintiff. Similarly, customers who purchased Defendants' infringing products, perhaps in the belief that they were ALBIE'S products, are likely to purchase other of Defendants' products. As such, ALBIE'S has lost sales as a direct result of Defendants' infringement, not only for each infringing product purchase by Defendants' customers, but also indirectly due to Defendants' sales of related products to customers that have purchased the infringing products. Not only would Defendant generate such additional sales of their other products, making additional profits due to the initial infringement, but ALBIE'S would also lose sales of other products it would otherwise have sold to the same customer but for the initial infringing sale. Each sale of an infringing product by Defendant is thus likely to create additional lost sales for ALBIE'S.

12. The TigerToes trade dress consists of the unique and creative product design and packaging/literature illustrated in Exhibit 2, including the overall appearance of the product's

**COMPLAINT**

- 4 -

design and packaging which is a distinctive, unique, and non-functional combination of such elements as the patterns and color combinations, shape, texture and finish, overall graphics, text font (including size and placement), location and arrangement of physical elements.

## DEFENDANTS' INFRINGEMENT

13. Defendants have been using a confusingly similar product name for their infringing products, *i.e.* LeopardToes ("the infringing mark"), which is a slavish copy of Plaintiff's TigerToes product, as shown in Exhibits 2 & 3. The Defendants' branding scheme is a slavish copy of ALBIE'S TigerToes trademark and trade dress (including marketing photos, graphics and text), which clearly shows the intention of confusing consumers.

14. The images shown in Exhibit 2 depict the trade dress of ALBIE'S TigerToes product as compared to Defendants' infringing copy of that trade dress. As is evident from the nearly identical products, packaging and marketing materials shown in the images, Defendants have substantially copied the trade dress of ALBIE'S product.

15. Defendants copied such elements of Plaintiff's TigerToes such as the raised grip pattern (using a Leopard spot pattern instead of a Tiger spot pattern), color scheme (raised black grip on grey cloth), fastening strap (same type and position), and other details.

16. Defendants, not content with merely infringing by copying the product and its design, and the accompanying trademark, are knowingly and willfully misappropriating the look and feel and individual elements of ALBIE'S marketing materials and product images for its TigerToes product, with insubstantial modification, to advertise Defendants' inferior, infringing product LeopardToes. See Exhibits 2 & 3. This includes specific descriptive text, imagery, and layout of ALBIE'S product descriptions, photos and graphics. See id. By way of example, Defendant copied Plaintiff's product literature with substantial similarity and in a confusingly similar manner as has the same packaging color and shape, similar text and heading layout, and use of dog paw icons as bullet points to list similar product features. (See Exhibit 2, pg. 2). As shown in Exhibit 2, the Defendant has also copied the product images with substantial similarity as to the content and layout.

17. The TigerToes trade dress is arbitrary, nonfunctional, and distinctive, and has acquired distinctiveness for Plaintiff's dog sock product.

18. The TigerToes trade dress has been extensively and continuously used by Plaintiff since at least January 1, 2023, is inherently distinctive, and/or has become distinctive through the acquisition of "secondary meaning."

19. The TigerToes trade dress symbolizes the business reputation and goodwill of Plaintiff, and is an intangible asset of substantial commercial value.

20. Sales, advertising and promotion of the TigerToes products since inception have been substantial in Plaintiff's niche marketplace.

21. As a result of such continuous use and extensive sales, advertising and promotion of the TigerToes trademark and trade dress by Plaintiff and its authorized dealers, licensees, and distributors, the mark, trade dress, and products associated with them enjoy recognition and notoriety in the United States in Plaintiff's niche market place, and are recognized by the consuming public as emanating from Plaintiff.

22. Upon information and belief, Defendants do not use distinctive or well-known company names or trademarks in their product identification, marketing and promotion of their products, particularly the infringing products. This practice increases the likelihood of confusion and the deception of purchasers and potential purchasers for the parties' products. Defendants in essence make no attempt to distinctively brand their products, or to create their own distinctive trade dress or product packaging. Rather, Defendants instead purposely copy the designs of ALBIE'S products and omit branding from their items to increase the likelihood of confusion with Plaintiff's products in order to increase their sales. Thus, Defendants' lack of any distinctive packaging or branding increases the customer confusion associated with the infringing products. With respect to ALBIE'S TigerToes product, and to the extent that Defendants add any identifying marks of origin, they do so in a manner that mimic's ALBIE'S product name and trade dress.

23. Upon information and belief, Defendants simply knock off and counterfeit ALBIE'S products and designs by duplicating them in China to make low-cost, low-quality

infringing copies sold under the name LeopardToes which is confusingly similar to Plaintiff's TigerToes mark, and using slavish copies of Plaintiff's advertising materials, including photographs, to market them, thereby intentionally confusing the consuming public as to the source or sponsorship of the parties' products. The knockoff of ALBIE'S TigerToes product, for example, is of inferior quality, and is a classic bait-and-switch scheme, in which the potential customer sees two nearly identical product listings, and buys the cheaper, knock-off, under the mistaken impression that they are going to receive the genuine product shown in the photograph.

## FIRST CAUSE OF ACTION

### (Trademark Infringement under the Lanham Act)

24. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

25. Defendants' wrongful use of the LeopardToes mark in connection with confusingly similar products falsely indicates to consumers that Defendants' services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services. This use is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with Plaintiff.

26. Defendants' actions, as set forth above, constitute trade dress and trademark infringement of a non-federally registered mark and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of Plaintiff as described herein.

27. Upon information and belief, as a direct and proximate result of Defendants' actions in misappropriating ALBIE'S trademarks, ALBIE'S has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendants' infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

28. Upon information and belief, as a direct and proximate result of Defendants' actions in misappropriating ALBIE'S trademarks, ALBIE'S will need to conduct a corrective advertising campaign to alleviate existing and ongoing future confusion in the marketplace, in an amount to be determined.

29. Upon information and belief, as a direct and proximate result of Defendants' actions in misappropriating ALBIE'S trademarks, Defendants have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts, and/or as a measure of Plaintiff's damages.

30. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. ALBIE'S has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

## SECOND CAUSE OF ACTION

**(Trade Dress Infringement under the Lanham Act)**

31. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs of the Complaint as though fully set forth herein.

32. Defendants' wrongful use of the TigerToes trade dress, falsely indicates to consumers that Defendants' services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

33. Defendants' wrongful use of the above trade dresses in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with Plaintiff.

34. Defendants' actions, as set forth above, constitute trade dress infringement of a non-federally registered mark in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of Plaintiff as described herein.

35. Upon information and belief, as a direct and proximate result of Defendants' actions in misappropriating ALBIE'S trade dress, ALBIE'S has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendants' infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

36. Upon information and belief, as a direct and proximate result of Defendants' actions in misappropriating ALBIE'S trade dress, ALBIE'S will need to conduct a corrective advertising campaign to alleviate existing and ongoing future confusion in the marketplace, in an amount to be determined.

37. Upon information and belief, as a direct and proximate result of Defendants' actions in misappropriating ALBIE'S trade dress, Defendants have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts, and/or as a measure of Plaintiff's damages.

38. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. ALBIE'S has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

### THIRD CAUSE OF ACTION

**(Copyright Infringement under Common Law)**

39. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

40. Plaintiff is the author and creator of copyrighted works (e.g. artwork, designs, text, layout and overall look and feel) associated with its TigerToes product, packaging, and product listing images.

41. Defendants had access to ALBIE'S copyrighted materials, as established by, among other things, the availability of pictures of Plaintiff's products and marketing materials (including on its Amazon product listings and DOK store page).

42. Defendants have infringed ALBIE'S original and creative product designs, photographs, and product packaging and literature, including product descriptions/features by utilizing identical or substantially similar product designs, photographs, and product packaging and literature in the marketing and sales of their competing product to consumers, without Plaintiff's permission. See Exhibits 1-2.

43. Defendants' infringement of Plaintiff's copyrighted material has been and continues to be intentional, willful and without regard to Plaintiff's rights.

44. Upon information and belief, as a direct and proximate result of Defendants' activities, ALBIE'S has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, lost profits and diminution in the value of Plaintiff's business as a result of Defendants' infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

45. Upon information and belief, as a direct and proximate result of Defendants' activities, Defendants have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts, and/or as a measure of Plaintiff's damages.

46. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. ALBIE'S has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

47. By virtue of Defendants' infringement, Plaintiff is entitled to Defendants' profits and/or actual damages. Plaintiff is also entitled to attorneys' fees by virtue of Defendants' knowing, intentional and willful infringement.

## FOURTH CAUSE OF ACTION

### (Unfair Competition under the Lanham Act)

48. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

49. Defendants' wrongful use of Plaintiff's TigerToes trade dress, falsely indicates to consumers that Defendants' services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

50. Defendants' wrongful use of the confusingly similar LeopardToes mark in connection with similar goods falsely indicates to consumers that Defendants' services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

51. Defendants' wrongful use of the above trademarks and trade dress in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with Plaintiff.

52. Defendants' actions, as set forth above, constitute unfair competition, including passing off, in violation of the Lanham Act, 15 U.S.C. § 1125(a), all to the damage of Plaintiff as described herein.

53. Upon information and belief, as a direct and proximate result of Defendants' actions in passing off of ALBIE'S trademarks and trade dress, ALBIE'S has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendants' infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

54. Upon information and belief, as a direct and proximate result of Defendants' actions, Defendants have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust

enrichment from Defendants' wrongful acts, and/or as a measure of Plaintiff's damages.

55. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. ALBIE'S has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

### FIFTH CAUSE OF ACTION
### (Misappropriation under the Lanham Act)

56. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

57. Defendants' wrongful use of the TigerToes trade dress, falsely indicates to consumers that Defendants' services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

58. Defendants' wrongful use of the TigerToes mark falsely indicates to consumers that Defendants' services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

59. Plaintiff has made substantial investment of time, effort, and money in establishing the misappropriated trademarks and trade dress, which Defendants have misappropriated at little or no cost.

60. Defendants' misappropriation of the above trademarks and trade dresses in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with Plaintiff.

61. Upon information and belief, as a direct and proximate result of Defendants' actions, Defendants have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which were diverted from Plaintiff, and belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts and/or as a measure of Plaintiff's damages.

62. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. ALBIE'S has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

## SIXTH CAUSE OF ACTION

### (False Advertising under the Lanham Act)

63. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

64. Defendants' use of Plaintiff's substantially similar photographs and images (including graphics, text and layouts) in their commercial advertisements in interstate commerce was and continues to be misleading to consumers and has deceived and/or has the capacity to deceive a substantial segment of those consumers in a manner that is likely to influence the consumer's purchasing decisions.

65. Plaintiff has been injured as a result of Defendants' activities.

66. Upon information and belief, as a direct and proximate result of Defendants' actions, Defendants have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which were diverted from Plaintiff, and belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts and/or as a measure of Plaintiff's damages.

67. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. ALBIE'S has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

68. Defendants' actions, as set forth above, constitute false and fraudulent advertising in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of Plaintiff as described herein.

## SEVENTH CAUSE OF ACTION

## (Unfair Competition and False Advertising -

## California Common Law)

69. Plaintiff repeats and incorporates by reference the statements and allegations in in the above paragraphs as though fully set forth herein.

70. Defendants' wrongful use of the TigerToes trade dress, falsely indicates to consumers that Defendants' services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

71. Defendants' wrongful use of the LeopardToes mark falsely indicates to consumers that Defendants' services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

72. Defendants have infringed Plaintiff's copyrights by using substantially similar product images (including the graphics, photos, text and layout therein), and marketing and selling their LeopardToes product to consumers using such photographs, without Plaintiff's permission.

73. Defendants' wrongful use of the above intellectual property in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with Plaintiff.

74. Upon information and belief, as a direct and proximate result of Defendants' actions in passing off of ALBIE'S trademarks and trade dress, ALBIE'S has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendants' infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

75. Upon information and belief, as a direct and proximate result of Defendants' actions, Defendants have made gross sales (and profits thereon) from its wrongful activities as

alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts, and/or as a measure of Plaintiff's damages.

76. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. ALBIE'S has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

77. Defendants' acts, as set forth above, constitute unfair competition and false advertising under the common law of the State of California, all to the damage of Plaintiff as previously alleged.

## EIGHTH CAUSE OF ACTION

### (Unfair Competition and False Advertising –

### California Business and Professions Code §17200)

78. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

79. Defendants' wrongful use of the TigerToes trade dress, falsely indicates to consumers that Defendants' services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

80. Defendants' wrongful use of the LeopardToes mark falsely indicates to consumers that Defendants' services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

81. Defendants' wrongful use of the above intellectual property in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with Plaintiff.

82. Upon information and belief, as a direct and proximate result of Defendants' actions in passing off of ALBIE'S trademarks and trade dress, ALBIE'S has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's

reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendants' infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

83. Upon information and belief, as a direct and proximate result of Defendants' actions, Defendants have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts, and/or as a measure of Plaintiff's damages.

84. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. ALBIE'S has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

85. Defendants' acts, as set forth above, constitute unfair competition and false advertising, and unfair and deceptive trade practices, as defined in California Business and Professions Code §§ 17200-17210, and §17500 et seq., all to the damage of Plaintiff as previously alleged.

## DAMAGES

1. Plaintiff repeats and incorporates by reference the statements and allegations in the preceding paragraphs of the Complaint as though fully set forth herein.

2. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer until Defendants are enjoined, the following damages, and those alleged above:

    A. Actual damages, including but not limited to loss of sales, and reputation damages, in an amount to be determined at trial and after discovery and testimony.

    B. Enhanced damages for willful infringement.

    C. Defendants' sales as a measure of Plaintiff's damages, in an amount to be

determined at trial and after discovery and testimony.

3. Upon information and belief, Defendants knew that their unauthorized use of trade dress and marks confusingly similar to Plaintiff's trade dress and mark would result in an undue benefit to Defendants.

4. Defendants' unauthorized and confusingly similar use of the Plaintiffs' trade dress and mark unjustly enriches Defendants at the expense of Plaintiff's reputation and goodwill, in amount to be determined at trial and subject to discovery and testimony.

5. The cost of a corrective advertising campaign in an amount to be determined at trial and subject to discovery and testimony.

## ATTORNEYS' FEES

6. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 85 of the Complaint as though fully set forth herein.

7. This is an exceptional case, and one of deliberate infringement, such that Plaintiff is entitled to an award of attorney fees.

## PUNITIVE DAMAGES

8. Plaintiff is entitled to punitive damages under California law as a result of Defendants' wrongful acts as alleged herein, which are fraudulent, malicious, and oppressive, and with reckless disregard for the rights of Plaintiff, in violation of Cal. Civil Code § 3291.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following relief.

Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from its continuing wrongful acts, including but not limited to the following:

1) Using the designation LeopardToes or any other confusingly similar designation, or any confusingly similar trade dress, in connection with their products, or related goods or services, or infringing upon Plaintiff's artwork or designs.

2) Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on Plaintiff's TigerToes trade dress or mark or adopting or using any other trade dress or marks or designations that are confusingly similar to Plaintiff's trade dress or mark, or infringing upon Plaintiff's copyrights, copying their products, or falsely advertising any of the above.

3) Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (1) and (2) above.

4) Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in its possession or control that depict or reference the infringing trade dresses or mark or any other confusingly or substantially similar mark, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118.

5) Defendants file with the court and serves on Plaintiff, within 30 days after the entry and service on Defendants of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which Defendants have complied with the provisions of subparagraphs (A) and (B) above.

6) Plaintiff recover all damages it has sustained as a result of Defendants' infringement and unfair competition and other wrongful activities.

7) Plaintiff be awarded punitive damages under California law.

8) An accounting be directed to determine Defendants' profits resulting from its infringement and unfair competition and that the profits be paid over to Plaintiff, increased as the court determines is appropriate to the circumstances of this case.

9) Plaintiff recover its costs of this action and pre-judgment and post-judgment interest, and attorneys' fees, to the fullest extent allowed by law.

10) An award of punitive damages to Plaintiff.

**COMPLAINT**

11) Defendants be required to recall all inventory of infringing products which has been shipped to retailers or distributors but not yet sold as of the filing date of this Complaint.

12) Plaintiff receive all other relief the court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: June 29, 2023  **SHALCHI BURCH LLP**

By: */Ali Shalchi/*
Ali Shalchi, Esq.
Travis J. Burch, Esq.
Attorneys for Plaintiff
ALBIE'S LLC

**COMPLAINT**

- 19 -

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2023, I electronically filed the foregoing COMPLAINT FOR: TRADEMARK INFRINGEMENT; TRADE DRESS INFRINGEMENT; COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; MISAPPROPRIATION; FALSE ADVERTISING; UNFAIR COMPETITION (COMMON LAW); and UNFAIR COMPETITION (Cal. B&P §17200) with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

DATED: June 29, 2023              **SHALCHI BURCH LLP**

By /Ali Shalchi/
Ali Shalchi, Esq.
Travis J. Burch, Esq.
Attorneys for Plaintiff
ALBIE'S LLC